UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ST JACQUES IV, | No. 2:15-cv-0283 DB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On December 29, 2011, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on August 1, 2007. (Transcript ("Tr.") at 26, 150.) Plaintiff's application was denied initially, (id. at

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 8 & 10.)

97-101), and upon reconsideration.  (Id. at 106-11.)  Thereafter, plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on May 15, 2013.  (Id. at 41-64.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 41-42.)  In a decision issued on September 11, 2013, the ALJ found that plaintiff was not disabled.  (Id. at 36.)

The ALJ entered the following findings:

> 1.  The claimant has not engaged in substantial gainful activity since December 29, 2011, the application date (20 CFR 416.971 *et seq*.).
>
> 2.  The claimant has the following severe impairments: lumbosacral strain/sprain, learning disability, attention deficit hyperactivity disorder (ADHD), and schizophrenia with depression (20 CFR 416.920(c)).
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant is limited to simple unskilled work.
>
> 5.  The claimant has no past relevant work (20 CFR 416.965).
>
> 6.  The claimant was born on May 15, 1983 and was 28 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7.  The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10.  The claimant has not been under a disability, as defined in the Social Security Act, since December 29, 2011, the date the application was filed (20 CFR 416.920(g)).

(Id. at 28-36.)

/////

On December 5, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's September 11, 2013 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on February 3, 2015.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

/////

>Step five: Does the claimant have the residual functional capacity to
>perform any other work? If so, the claimant is not disabled. If not,
>the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff asserts that the ALJ's treatment of the medical opinion evidence constituted error.[2] Specifically, plaintiff challenges the ALJ's treatment of the medical opinions offered by examining physicians Dr. Dale Van Kirk and Dr. Christine Fernando. (Pl.'s MSJ (Dkt. No. 16) at 5-11.[3])

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported

---

[2] Plaintiff's motion purportedly asserts two separate claims of error. However, both of those claims pertain to the ALJ's treatment of the medical opinion evidence. Accordingly, the court will address the ALJ's treatment of the medical opinion evidence as a single claim addressing both of plaintiff's arguments.

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

**A.  Dr. Dale Van Kirk**

Here, on June 28, 2013, Dr. Van Kirk conducted a "comprehensive orthopedic evaluation" of the plaintiff. (Tr. at 354.) As a result of that examination, Dr. Van Kirk opined that plaintiff could stand and/or walk for six hours out of an eight-hour day, sit for a total of six hours out of an eight-hour day, and lift and carry 25 pounds frequently and 50 pounds occasionally. (Id. at 357.) Dr. Van Kirk also opined that plaintiff's non-exertional limitations included only occasional climbing, balancing, stooping, kneeling, crouching, crawling, pushing and pulling.[4] (Id.) Moreover, plaintiff "should not be required to work in an extremely cold and/or damp environment." (Id. at 358.)

The ALJ's September 11, 2013 decision discussed Dr. Van Kirk's comprehensive orthopedic evaluation, including the limitations noted above, and purportedly gave "[g]reat weight" to that opinion.[5] (Id. at 32.) The ALJ's residual functional capacity ("RFC") determination, however, fails to include any of the nonexertional limitations identified by Dr. Van Kirk's opinion. (Id. at 30.)

---

[4]  As noted above, the ALJ found that plaintiff had the residual functional capacity to perform medium work. (Tr. at 30.) "[M]ost 'medium' jobs require more than occasional stooping and bending." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001).

[5] Despite the ALJ's entirely favorable treatment of Dr. Van Kirk's opinion, defendant confusingly argues that "[t]he limitations Dr. Van Kirk were (sic) inconsistent, not only with these findings, but internally inconsistent considering his findings upon examination." (Def.'s MSJ (Dkt. No. 17) at 6.)

5

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). The assessment of RFC must be "based on all the relevant evidence in [the claimant's] case record." Id. As noted above, despite the fact that the ALJ purported to give great weight to Dr. Van Kirk's opinion, the ALJ's RFC determination does not address the nonexertional limitations identified therein. Moreover, Dr. Van Kirk also completed a "MEDICAL SOURCE STATEMENT OF ABILITY TO DO WORK-RELATED ACTIVITIES) (PHYSICAL)" form, in which Dr. Van Kirk opined, in relevant part, that plaintiff could never crouch or crawl, (Tr. at 351), and could never work in extreme cold or heat. (Id. at 352.) The ALJ's decision, however, makes no mention of this form or the limitations reflected therein. "The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).

In this regard, the ALJ failed to offer any reason, let alone a specific and legitimate reason, for failing to include the nonexertional limitations found by Dr. Van Kirk in the ALJ's RFC determination. Such a failure constitutes legal error. See Lingenfelter v. Astrue, 504 F.3d 1028, 1037-38 (9th Cir. 2007); Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) (finding legal error where ALJ ignored medical evidence of claimant's impairments without explanation); Cotton v. Bowen, 799 F.2d 1403, 1408-09 (9th Cir. 1986) (finding legal error where ALJ's findings ignored medical evidence without giving specific, legitimate reasons for doing so), *superseded by statute on another point as stated in* Bunnell v. Sullivan, 912 F.2d 1149 (9th Cir. 1990).

**B. Dr. Christine Fernando**

Moreover, on March 16, 2012, Dr. Christine Fernando, performed a "COMPLETE INTERNAL MEDICINE EVALUATION." (Tr. at 221.) As a result of her examination, Dr. Fernando opined, in relevant part, that plaintiff could lift 20 pounds occasionally and 10 pounds frequently, could sit, stand, or walk less than 2 hours in an 8-hour workday, and could occasionally bend, stoop, and crouch. (Id. at 226.) The ALJ's decision recounted Dr. Fernando's opinion but afforded it "[l]ittle weight" because the opinion was purportedly based on plaintiff's "subjective complaints, as she was not able to examine the claimant's back and not supported by

direct examination or objective findings." (Id. at 32.)

It is true that Dr. Fernando found it "difficult to examine [plaintiff's] back as he was having a lot of pain," and, therefore, Dr. Fernando could "not fully evaluate" plaintiff's back. (Id. at 226.) In this regard, Dr. Fernando could not "evaluate flexion, extension, or side-to-side movement" of plaintiff's back because plaintiff said "it is too painful for him to do anything." (Id. at 225.) However, while there may have been legitimate reasons supported by substantial evidence for the ALJ to discredit Dr. Fernando's opinion, there is no evidence that Dr. Fernando's opinion was based on plaintiff's subjective complaints or was not supported by direct examination or by objective findings.

In this regard, Dr. Fernando's opinion expressly states that the "[f]indings on physical examination [were] based both on formal testing as well as [his] observations of the claimant's spontaneous action," (id. at 223), and that that the assessed functional limitations were "[b]ased on the exam today . . . ." (Id. at 226.) Moreover, Dr. Fernando's examination of plaintiff revealed "diffuse tenderness" of the back, "loss of lordosis," and that plaintiff "can only go up to about 60 degrees" in the supine position during the straight leg raising test. (Id. at 224.) Accordingly, the courts that the ALJ failed to offer specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Fernando's opinion.

Accordingly, the court finds that plaintiff is entitled to summary judgment in his favor with respect to this claim.

## SCOPE OF REMAND

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

7

Here, plaintiff argues that "the record requires further development." (Pl.'s MSJ (Dkt. No. 16) at 13.)  Because it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, the court agrees.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 16) is granted;
2. Defendant's cross-motion for summary judgment (Dkt. No. 17) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

Dated:  January 17, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
Ddb1\orders.soc sec\jacques0283.ord

8